### JAMES MITCHELL V. STATE.

No. 24128. November 3, 1948.
Rehearing Denied December 15, 1948.

Hon. Frank Williford, Jr., Judge Presiding.

*King C. Haynie,* of Houston (on appeal only) for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of felony theft and assessed a penalty of five years in the state penitentiary.

The testimony evidences the theft of an automobile belonging to Chester L. Brandt and appellant being found therein.

The only matter called to our attention in the brief is the following stipulation:

"If your honor, please, it is hereby stipulated, that it is agreed, between the State and the Defendant, and his Attorney, Mr. John Spiller, that the value of the automobile involved in this case is over fifty dollars ($50.00)."

The point is made that such stipulation fails to show what the value of the automobile was at the time it was stolen. It was shown that the automobile was a "black, 1938 Model Tudor Ford Sedan", which was being used by Mrs. Brandt at the time it was taken. It had just been painted and was in good running order. It was recovered about four hours later some three miles from where it was taken. At that time the automobile was damaged beyond repair. It was further shown that appellant attempted to sell this car to a witness one block south from where Mrs. Brandt had left it; that upon the refusal of the witness to buy it, appellant then drove the car away. The witness testified:

"I did not see any damage to that automobile at the time I saw the defendant drive it away. It was a good, clean automobile. He had no trouble driving it off. * * * By saying it was a good, clean automobile, I mean its appearance was clean, and it sounded like it ran good when it drove off."

It appears to us that the value of the automobile taken was shown to have been over fifty dollars at the time it left Mrs. Brandt's possession.

Believing that the evidence is sufficient to support the conviction, the judgment will be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing in this case treats only the one question discussed in the original opinion. We think the jury had a right to consider all of the circumstances of the case and it appears perfectly clear that the agreed statement recited was made at the opening of the case and was for the purpose of settling the question of the value of the property at the time of the theft. It could have had no other purpose. Upon that agreement it was determined that the prosecution was for a felony, and the issue of the value of the property was thereby removed from the case. No other reasonable construction can be given to it.

The motion for rehearing is overruled.